## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

| | |
|---|---|
| JAMES HEROD, III, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-03891 |
| ) | (Criminal No. 2:14-00192) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Movant's letter-form Motion to File a Timely 2255 Motion (Document No. 18), filed on March 24, 2016; and (2) Movant's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by A Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Document No. 19), filed on April 25, 2016. By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 22.)

## FACTUAL AND PROCEDURAL BACKGROUND

**A**     **Criminal Action No. 2:14-00192:**

On September 15, 2014, Movant pled guilty to a single count Information charging him with possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). (Criminal Action No. 2:14-00192, Document No. 5 - 7.) A Presentence Investigation Report was prepared. (Id., Document No. 12.) The District Court determined Movant had an Base Offense Level of 24, and a Total Offense Level of 23, the Court having applied the following: (1) A two level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4) because the firearm was stolen; and (2) A

three-level reduction pursuant to U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility.[1] (Id., Document No. 12, p. 8.) The District Court sentenced Movant on December 16, 2014, to a 60-month term of imprisonment to be followed by a three-year term of supervised release. (Id., Document Nos. 9 and 10.) The District Court also imposed a $100 special assessment. (Id.) Movant did not file a direct appeal with the Fourth Circuit Court of Appeals. On March 24, 2016, Movant filed his letter-form Motion to File a Timely 2255 Motion based upon Johnson v. United States, 135 S.Ct. 2551 (2015). (Id., Document No. 18.)

**B.     Section 2255 Motion:**

On April 25, 2016, Movant, acting *pro se*, filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support.[2] (Civil No. 2:14-00192, Document Nos. 19 and 20.) In support of his Motion, Movant alleges that he is entitled to relief based upon the United States Supreme Court's decision Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id.) Specifically, Movant argues that he received a base offense level of 24 because the Court determined Movant had two felony convictions of either a crime of violence or a controlled substance offense. (Id.) Movant explains that he had a prior 2008 conviction for trafficking in drugs and a 2010 conviction for attempted kidnapping. (Id.) Based on Johnson, Movant argues that his prior conviction for attempted kidnapping no longer constitutes a "crime of violence" for purposes of U.S.S.G. § 2K2.1(a)(2). (Id.)

---

[1] The District Court determined that Movant was subject to the advisory guideline range of 57 to 71 months. (Criminal Action No. 2:14-00192, Document No. 11.)

[2] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972.)

2

By Order entered on April 27, 2016, the undersigned directed the United States to file its Answer. (Id., Document No. 23.) The United States filed a Response on May 25, 2016. (Id., Document No. 25.) First, the United States argues that Movant's Section 2255 Motion is untimely. (Id., pp. 3 – 5.) Second, the United States contends that "Johnson and Welch do not retroactively apply to Defendant's case." (Id., pp. 5 – 10.) Accordingly, the United States requests that Movant's Section 2255 Motion be dismissed. (Id.)

On June 13, 2016, Movant filed his Reply. (Document No. 26.) Movant continues to argue that he was improperly enhanced to a base offense level of 24 pursuant U.S.S.G. § 2K2.1(a)(2) because his prior conviction for attempted kidnapping no longer constitutes a "crime of violence." (Id.) Movant argues that his Motion is timely because Welch made Johnson retroactive to cases on collateral review. (Id.)

## **ANALYSIS**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a

reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

In the instant case, Movant argues that he is entitled to relief based upon Johnson. In Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at

\_\_\_, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, \_\_\_ U.S. \_\_\_, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

In the instant case, Movant does not contend that he was sentenced under the ACCA. Movant, however, argues that Johnson should be extended to defendants sentenced under Guideline provisions that were enhanced pursuant to U.S.S.G. § 2K2.1(a)(2) and the definition of "crime of violence" set forth in U.S.S.G. § 4B1.2. Movant's base offense level was enhanced pursuant to U.S.S.G. § 2K2.1(a)(2) because his prior Ohio conviction for attempted kidnapping qualified as a "crime of violence" under the "residual clause" of Section 4B1.2(a). Movant correctly notes that the "residual clause" in U.S.S.G. § 4B1.2(a) is textually identical to the "residual clause" of the ACCA (18 U.S.C. § 924(e)(2)(B)(ii)). U.S.S.G. § 4B1.2(a) defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year that – (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) is burglary of a dwelling, arson, or extortion,

5

involves the use of explosive, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." U.S.S.G. § 4B1.2(emphasis added). The italicized portion above is known as the "residual clause" of Section 4B1.2. Identical to Section 4B1.2(a)'s "residual clause," the ACCA's "residual clause" defines "violent felony" as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Based upon the identical definitions of "crime of violence" in Section 4B1.2(a)'s "residual clause" and "violent felonies" in the ACCA's "residual clause," Movant argues that Johnson applies retroactively and the "residual clause" of Section 4B1.2(a) of the Guidelines is unconstitutionally vague.

The issue concerning whether Johnson applies to the Guidelines has now been specifically addressed by the United States Supreme Court. On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment in light of Johnson. Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). The Supreme Court specifically determined that the "residual clause" of Section 4B1.2(a) was not unconstitutionally vague because that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." Id. The Supreme Court explained that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," and thus are not subject to a vagueness challenge. Id. Accordingly, Movant's argument that the holding of Johnson extends to Guideline provisions that were used to enhance his base offense level under the "residual clause" of the Guidelines is without merit. Beckles clearly forecloses Movant's argument that his sentence was improperly enhanced because his prior conviction for attempted kidnapping no longer qualify as a "crime of violence" in light of Johnson.

Furthermore, Movant fails to present any other basis for challenging his conviction or sentence that could be considered timely and appropriately asserted in the above proceedings. In United States v. Brown, 868 F.3d 297 (4th Cir. 2017), the Fourth Circuit determined that "*Beckles* confirms that the Supreme Court has yet to recognize a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to ACCA's residual clause." Id. at 302. The Fourth Circuit explained that "*Johnson* only recognized that ACCA's residual clause was unconstitutionally vague" and it did not touch upon the residual clause of the United States Sentencing Guidelines. Id. at 303. The Fourth Circuit further noted that Beckles "recognized that the advisory Sentencing Guidelines are not amenable to vagueness challenges." Id. Thus, the Fourth Circuit determined that "*Beckles* confirms that the Supreme Court has yet to recognize a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to ACCA's residual clause." Id. at 302. Accordingly, the Fourth Circuit determined that Mr. Brown "raise[d] an untimely motion in light of § 2255(f)(3)'s plain language, the narrow nature of *Johnson's* binding holding, and *Beckles's* indication that the position advanced by Petitioner remains an open question in the Supreme Court." Id. at 303.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion to Vacate, Set Aside, or Correct Sentence by A Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Document No. 19) and letter-form Motion to File a Timely 2255 Motion (Document No. 18), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**,

and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is currently incarcerated at FCI McDowell, and counsel of record.

Date: May 1, 2018.

_____
Omar J. Aboulhosn
United States Magistrate Judge